UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LAUREN HERINGTON, Individually and
on Behalf of All Others Similarly Situated,**
    **Plaintiff,**

  v.              Case No. 15-CV-1152

**MILWAUKEE BUCKS, LLC,**
    **Defendant.**

---

## DECISION AND ORDER

On September 24, 2015, Lauren Herington brought this action alleging that Milwaukee Bucks, LLC failed to pay her and other Milwaukee Bucks Dancers minimum and overtime wages required by the Fair Labor Standards Act (FLSA) and Wisconsin law. On January 4, 2017, the parties agreed to settle the case. Before me now is Herington's motion for conditional certification of this action as a collective action under the FLSA and preliminary approval of the parties' settlement agreement.

"[A]ny one or more employees" may bring an action against their employer under the FLSA "for and in behalf of himself or themselves and other employees similarly situated." FLSA § 16(b), 29 U.S.C. § 216(b). Each employee who wants to participate in and be bound by the outcome of such a "collective action" under the FLSA must opt in by giving "consent in writing" that "is filed in the court in which such action is brought." *Id.* Given this opt-in requirement, most courts will first conditionally certify a collective action, specifying the employees within its scope, so that notice can be provided to potential plaintiffs. 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed.), Westlaw Next (updated Apr. 2017). After potential plaintiffs have had

an opportunity to opt in, the court then considers whether to grant final certification of the collective action. *See id.*

The parties have shown that conditional certification is appropriate here. At this stage, a plaintiff must show simply "the existence of employees who are likely to assert similar claims." 2 Les A. Schneider & J. Larry Stine, *Wage and Hour Law* § 20:8, Westlaw Next (updated Mar. 2017) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989)). The parties have agreed, for the purpose of settlement only, that the following employees are sufficiently similarly situated to be joined in an FLSA collective action: "All individuals who were employed by Milwaukee Bucks, LLC, or any of its former or present parent entities, subsidiaries, or joint ventures as Milwaukee Bucks Dancers from September 12, 2012, through July 31, 2015." Pls.' Mot., ECF No. 25, at 9. Based on the record here, these individuals are similarly situated in that they performed the same job during a relatively short and discrete period of time for the same employer or employers and were subject to the same wage practices and policies in substantially similar ways such that they would all have similar claims to assert if they chose to assert them. I will grant conditional certification of this collective action for this defined group of employees, and the parties may notify them of these proceedings.

Herington asks that I approve the parties' proposed notice to potential plaintiffs. "[D]istrict courts have discretion, in appropriate cases, to . . . facilitate[e] notice to potential plaintiffs," by, for example, "settling disputes about the content of the notice before it is distributed." *Hoffman-La Roche*, 493 U.S. at 169–72. Where, as here, the parties agreed to the form and content of the notice and present no disputes about notice, I need not and will not approve it or otherwise manage the notice process. I will,

however, set a cutoff date for the filing of consents. *See id.* at 172. All employees who wish to be party plaintiffs to this action must give consent in writing and such consent must be filed in this court no later than 90 days after the date of this order. *See* § 16(b).

Next, Herington moves for preliminary approval of the parties' settlement agreement. Congress passed the FLSA "to protect certain groups of the population from substandard wages and excessive hours," so an employee may not waive her rights to "basic minimum and overtime wages under the Act" unless her release "was given in settlement of a bona fide dispute between the parties with respect to coverage or amount due under the Act." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703, 706–07 (1945). Accordingly, some courts "refuse[] to enforce wholly private settlements," *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)), while others will enforce such settlements only where there is a bona fide dispute between the parties or the settlement gives the employee everything to which she was entitled under the FLSA at the time the agreement was reached, *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255–56 (5th Cir. 2012). As far as I can tell, however, *preliminary* approval of an FLSA settlement isn't necessary. Where required, preapproval is achieved when "the district court . . . enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353 (11th Cir. 1982).

Assuming I may nonetheless exercise my discretion to grant preliminary approval, I decline to do so. I accept the parties' apparent agreement that this case presents a bona fide dispute under the FLSA—the parties' extensive discovery and negotiations and the lack of any dispositive motions filed in this case suggests a bona

fide dispute—but I cannot discern at this time whether the settlement "is a fair and reasonable resolution" of that dispute, *see id.* at 1355. Defendant has agreed to pay $250,000, half of which will be paid to participating employees (i.e., those who opt in) on a pro rata basis "to be determined." ECF No. 25-1, at 8. Twenty-five percent of amounts allocated to non-participating employees will be paid to participating employees. *Id.* at 20. The parties have identified more than 40 potential plaintiffs, so the amount that each may receive from the settlement could vary dramatically depending on how many opt in. Given this, I will wait until the period for filing consents has passed and the parties have clarified how they will distribute the settlement funds before considering whether the settlement is fair and reasonable.

Finally, Herington asks that I set this matter for a final approval hearing in 75–90 days. Such a hearing is required for final approval of a class action settlement under Federal Rule of Civil Procedure 23(e)(2), but the same is not necessarily true for FLSA collective action settlements. After the period for filing consents has passed, the parties may move for final certification of this collective action and final approval of the proposed settlement. If they believe a hearing is necessary or would be helpful, they may also move for a hearing on those motions.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for conditional collective action certification and preliminary approval of the parties' proposed settlement agreement (ECF No. 25) is **GRANTED in part** as follows (and otherwise **DENIED**):

1. This action is **CONDITIONALLY CERTIFIED** as a collective action under § 16(b) of the Fair Labor Standards Act for settlement purposes only as to the following employees:

All individuals who were employed by Milwaukee Bucks, LLC, or any of its former or present parent entities, subsidiaries, or joint ventures as Milwaukee Bucks Dancers from Sept. 12, 2012, through July 31, 2015.

2. No such employee shall be a party plaintiff to this action unless she gives her consent in writing to become such a party and such consent is filed in this court **no later than 90 days after the date of this order**.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge